UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CARLENE SLUSHER, as Administratrix of the Estate of Donald Slusher, deceased, Estate of Donald J. Slusher, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:06-CV-414 (VARLAN/SHIRLEY) |
| MOUNTAIN LAUREL ASSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on defendant Mountain Laurel Assurance Company's ("Defendant's") Motion for Summary Judgment [Doc. 7]. Plaintiff Estate of Donald J. Slusher ("Plaintiff") has filed a brief [Doc. 9] in opposition to Defendant's and the matter is now ripe for adjudication.

The Court has carefully considered the pending motion, along with the parties' briefs, affidavits, and other relevant pleadings. For the reasons set forth herein, Defendant's motion for summary judgment [Doc. 7] will be granted.

**I. Relevant Facts**

On or about August 19, 2005, Donald Slusher ("Slusher"), an employee of James Long Trucking, was killed when a parked coal truck crashed into a building occupied by Slusher. Several employees, including Slusher and Arlie Napier ("Napier"), were hauling

coal refuse on the property of Bell County Coal. They took a lunch break in a pump house near the refuse site. [Doc. 8 at p. 2] Napier parked his Mack RD8 truck (the "Truck") on the hill above the pump house and walked down to join the other employees for lunch. [*Id*. at p. 3] While the employees were eating lunch, the Truck rolled down the hill and struck the pump house. [*Id*.] Slusher and another employee were killed instantly, while a third employee suffered a broken leg. [*Id*.]

The Truck, owned by James Long Trucking, was covered by an insurance policy ("Policy") issued by Defendant. [*Id*., Attachment 5] The Truck was listed as a scheduled auto on the Declarations page of the Policy. [*Id*.] The Policy provided uninsured motorists coverage with limits of liability in the amount of $750,000 for "each person" and $750,000 for "each accident." [*Id*.] Plaintiff contends that since worker's compensation coverage and benefits are not available, and the Truck belonged to Napier, an uninsured driver, Plaintiff is entitled to uninsured coverage under the Policy.

## II. Analysis

### A. Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing that there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light

most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id*.

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id*. at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Id*. at 250.

      B.    <u>The Court shall apply Tennessee law to the transaction at issue</u>

Defendant argues that Tennessee law applies, while Plaintiff urges that Kentucky law applies. A federal court exercising diversity jurisdiction must apply the law of the forum state, including that state's choice of law principles. *Miller v. State Farm Mutual Automobile Ins. Co.*, 87 F.3d 822, 824 (6th Cir.1996). The Policy was formed in Tennessee and issued by a Tennessee agent. The Restatement (Second) of Conflicts Section 188 provides that, in the absence of an effective choice of law by the parties, the rights and duties of the parties under the contract are determined by the law of the state that has "the most significant

3

relationship to the transaction and the parties." *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 949 (S.D. Ohio 2002). To assist in determining which state has the most significant relationship to the parties to a contract, Section 188(2) of the Restatement (Second) of Conflicts sets forth the following factors to be taken into account to determine the law applicable to an issue:

> (a) the place of contracting; (b) the place of negotiations of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.

*Id*. at 949-50. Nothing with respect to the Policy occurred or transpired in the state of Kentucky. Simply because the incident occurred in Kentucky does not render Kentucky law applicable. In the case of *Security Ins. Co. of Hartford v. Kevin Tucker & Associates, Inc.*, 64 F.3d 1001, 1006 (6th Cir. 1995), the Sixth Circuit held that a policy "issued to Tennessee citizens, . . . negotiated by a Tennessee citizen with an insurance agent located in Tennessee, and . . . issued by an insurer authorized to do business in Tennessee" was governed by Tennessee law. *Id*. The facts of the instant case are similar, and thus the Court will look to Tennessee law to resolve this dispute.

    C.    <u>The truck is not an "uninsured auto" under the policy</u>

An "uninsured auto" is defined as "a motor vehicle or trailer of any type to which no liability bond or policy applies at the time of the accident." [Doc 8, Attachment 5 at p. 26] Defendant's insurance policy states:

4

> An "uninsured auto" does not include any vehicle or equipment owned by you or a relative; owned or operated by a self-insurer under any applicable vehicle law, except a self-insurer that is or becomes insolvent; owned by any governmental unity or agency; designed for use mainly off public roads, while not on public roads; while used as a residence or premises; **or that is shown on the Declarations page of the policy.**

[*Id.* at p. 27] (emphasis added)

Since the Truck was listed on the Declarations page of the Policy, the Truck is not an "uninsured auto" fitting the above definition. [*See* Doc. 8, Attachment 5 at p. 2]. An insured automobile cannot turn from being insured under a policy to uninsured, simply because the exclusions prevent the claimant from being covered. *See Holt v. State Farm Mutual Automobile Insurance Co.*, 486 S.W.2d 734, 737 (Tenn. 1972) (holding that the intent of the Uninsured Motorist Act, T.C.A. § 56-1148-1153, was not to define an "uninsured motor vehicle" so as to include uninsured motorists coverage for a person specifically excluded from liability coverage by the terms of the policy). In this case, the fact that worker's compensation benefits are unavailable and Plaintiff is denied direct liability coverage because of the policy's fellow employee exclusion does not itself render a previously insured vehicle an "uninsured vehicle." Therefore, because the automobile is listed on the Declarations page of the policy and because an automobile does not change from insured to uninsured merely because a particular immunity or defense bars recovery to an individual, summary judgment is appropriate.

D. Plaintiff was not "occupying" the vehicle at the time of the incident

Under the Policy, an "insured" includes "any person occupying [the] insured auto; and any person who is entitled to recover damages covered by this endorsement because of bodily injury sustained by [any person occupying the insured auto]." [*See* Doc. 8, Attachment 5 at p. 26]. The Policy defines "occupying" as "in, on, getting off, or getting out of." [*See* Doc 8, Attachment 5 at p. 9]. Plaintiff, who was inside the pump house at the time of the accident, was neither "in, on, getting off, or getting out of" the Truck, therefore he was not occupying the Truck and is not an "insured" as required by the provisions of the Policy.

The Tennessee Supreme Court has articulated a four factor test for Tennessee courts to apply in order to determine when an individual is "occupying" a vehicle for the purposes of uninsured motorists coverage:

> (1) There is a causal relation or connection between the injury and the use of the insured vehicle; (2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it; (3) the person must be vehicle oriented, rather than highway or sidewalk oriented at the time; and (4) the person must be engaged in a transaction essential to the use of the vehicle at the time.

*Tata v. Nichols*, 848 S.W.2d 649, 652 (Tenn. 1993).

The Tennessee Court of Appeals has held that a person was not occupying his vehicle when he was outside his vehicle and standing by another motorist's vehicle. *Warfield v. Lowe*, 75 S.W.3d 923, 926 (Tenn. Ct. App. 2002). The Tennessee Court of Appeals has also held that an individual was not occupying his vehicle when he left his truck to repair a power

line and was standing some distance away. *Younger v. Reliance Insurance Co.*, 884 S.W.2d 453, 455 (Tenn. Ct. App. 1983).

In this case, Plaintiff was not "occupying" the Truck at the time of the accident, nor had he occupied the Truck at any time that day. In addition, Plaintiff was eating lunch fifty (50) feet away from where the Truck was parked, an action not in any way related to a transaction essential to the operation of the Truck. Thus, under the Policy, Plaintiff was not an "insured" within the meaning of the Policy and Plaintiff's claims must be dismissed as a matter of law and summary judgment granted in favor of Defendant.

## III.   Conclusion

For the reasons set forth herein, the Court finds that the there is no genuine issue of material fact with regard to whether Plaintiff is afforded uninsured motorists coverage under the Policy. The Court finds that the Truck was not an "uninsured auto" because it was listed on the Policy's Declarations page as insured. Also, the Court finds that Tennessee law applies. Under Tennessee law, the Truck was not uninsured, nor was Plaintiff insured because he was not"occupying" the Truck at the time of the incident. Accordingly, Plaintiff's claims will be dismissed as a matter of law and Defendant's motion [Doc. 7] will be granted.

Order accordingly.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE